ALFRED EHRHARDT, PROSECUTOR, v. BOARD OF ADJUST-
MENT OF THE CITY OF PASSAIC, FRANK I. ACKER-
MAN, BUILDING SUPERVISOR, AND PASSAIC SECURI-
TIES COMPANY, INCORPORATED, RESPONDENTS.

Decided June 9, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Frederick S. Ranzenhofer.*

For the respondent Passaic Securities Company, *Edward
F. Merrey.*

PER CURIAM.

This matter is before us on a writ of *certiorari* to review
the judicial action of the board of adjustment of the city of
Passaic in granting three permits to the Passaic Securities
Company for the erection of three apartment houses on prem-
ises Nos. 24–50 Summer street, in the city of Passaic.

On September 20th, 1927, the Passaic Securities Company
made an application, in writing, to the supervisor of buildings
of the city of Passaic for three permits to erect three three-
story apartment houses on a plot of ground on the northerly
side of Summer street, approximately three hundred and fifty
feet front by one hundred and eighty-seven and one-half feet
deep. The three houses were to be occupied by ninety-nine
families.

The building supervisor refused to grant the permits for
the erection of the said houses, and from this refusal the
Passaic Securities Company took an appeal to the board of
adjustment of the city of Passaic, which special tribunal,

after a consideration of the testimony taken at the hearing before it, granted the permits applied for.

There is no merit in the contention that the board lost jurisdiction to act in any manner by reason of its alleged failure to determine the matter before it within sixty days.

According to the record, application for the permits was made to the supervisor of buildings on the 20th day of September, 1927, and refused by him on that date. An appeal was taken on the same day to the board of adjustment and the appeal was determined by that board on the 27th of October, 1927.

These facts bring the determination of the board of appeal within sixty days from the time of giving of the notice of appeal.

But even if sixty days had gone by after notice of appeal was given and taken, the board would not thereby have been shorn of its jurisdiction to determine the matter, for it is quite obvious that the provision of the statute was for the benefit of an applicant, in order to secure a speedy decision on his or its appeal, and in the instant case the applicant is not objecting.

As has been pointed out the board of adjustment, on October 27th, 1927, determined the appeal taken by the Passaic Securities Company, and sustained it in the following terms: "It is further resolved that the appeal of this applicant be approved, as it is the opinion of the members of the board of adjustment that the erection of apartment houses as proposed by applicant would not constitute a menace to the public health, safety, morals and general welfare of the neighborhood in which it is proposed to erect these apartment houses."

The action of the board of adjustment is next assailed upon the ground that its determination did not come within the scope of chapter 315, *Pamph. L.* 1926.

This objection is without legal force.

The act referred to expressly provides that the board of adjustment may modify or vary any requirement of said ordinance so far as it affects the user of the property in relation to which the appeal is taken.

This determination of the board clearly does.

We have considered the other reasons advanced in the prosecutor's brief for setting aside the determination of the board and find them to be without substance.

The writ is dismissed, with costs.